[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION AND JUDGMENT ENTRY
In this accelerated appeal from a judgment of the Erie County Court of Common Pleas, appellant, Timothy N. Toma, sets forth the following assignment of error for our review:
 "The trial court abused its discretion in denying counsel leave to withdraw when he was discharged as counsel for the defendant, DEBORAH ALEX SAUNDERS."
On June 11, 1999, Norwest Bank Minnesota, N.A., filed a complaint in foreclosure against appellee, Deborah A. Saunders. At that time, Saunders' attorney for other legal matters was Lydia E. Spragin. However, Spragin did not feel competent to represent Saunders in the foreclosure action. Spragin therefore contacted Toma to act as co-counsel in the foreclosure proceeding. Spragin agreed to attend "perfunctory court proceedings" while Toma acted as lead counsel.
Toma filed Saunders' answer and counterclaims. A jury trial was originally scheduled for February 24, 2000 and then rescheduled for April 24, 2000. On March 20, 2000, Toma filed a motion for leave to withdraw as counsel to Saunders. He asserted that "there is a fundamental disagreement between counsel and the defendant as to the legally appropriate position to take in order to resolve this matter." Toma also stated that Saunders would not be prejudiced by his withdrawal because she was represented by a second attorney who was counsel of record and who was aware of the status of the case. Finally, Toma contended that his withdrawal from the case was mandatory under DR 2-110(B)(4) because his client had effectively discharged him by consenting to the withdrawal and refusing to pay a retainer for continued representation. Toma attached a document signed by Saunders to his motion that reads:
 "I, DEBORAH ALEX SAUNDERS, do hereby consent to the withdrawal of TIMOTHY N. TOMA as attorney in my case. I acknowledge receipt of copies of the pleadings, correspondence, discovery, expert report and related materials in this case from TIMOTHY N. TOMA."
Spragin filed an objection to the motion for leave to withdraw. She claimed that she did not have the authority to represent Saunders beyond participation in perfunctory proceedings, such as pretrials, and that any attorney, including herself, would need more time to prepare the case. Toma filed a reply. Attached to the reply was a letter from Saunders to Toma, dated March 14, 2000, discharging Toma and requesting the files and all matters pertaining to Saunders' case. Subsequently, the trial court, without comment, denied Toma's motion for leave to withdraw. This appeal followed.
We note at the outset that this court granted Toma's motion to strike the amicus curiae brief filed by Lydia Spragin. Therefore, the only brief considered in this case is appellant's brief. In his sole assignment of error, Toma maintains that the trial court abused its discretion by denying his motion to withdraw because he was discharged by his client, the client was still represented by Spragin, the scheduled trial date was still over a month away and he engaged in reasonable steps to avoid prejudice to his former client.
A trial court's decision to grant or deny counsel's motion to withdraw from representing a client will not be reversed on appeal absent an abuse of discretion. Lorello v. Kerr (Nov. 12, 1999), Erie App. No. E-98-076, unreported. An abuse of discretion is more than an error of law or judgment. It implies that the court's attitude in reaching that judgment is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
DR 2-110(B), which governs mandatory withdrawal, provides that an attorney representing a client before a tribunal shall withdraw, with the court's permission if considered by its rules, from employment if discharged by the client. DR 2-110(B)(4). Toma presented undisputed evidence of the fact that Saunders discharged Toma from her employ. Based on that discharge, Toma sought the trial court's permission to withdraw from representing Saunders. Further, it appears from the record that appellant complied with DR 2-110(A)(2) by giving notice to his client (he had her consent), allowing over a month before trial in which Saunders could obtain other counsel and delivering all of the papers and property to Saunders to which she was entitled. Accordingly, we must conclude that the trial court's attitude in denying the motion to withdraw was unreasonable. Toma's sole assignment of error is found well-taken.
On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Erie County Court of Common Pleas is reversed. Appellant's pending motion to supplement the record is hereby found moot. Due to the unusual circumstances of this case, costs of this appeal are waived.
 _________________________ Resnick, M.L., J.
 Richard W. Knepper, P.J. Mark L. Pietrykowski, J., JUDGES CONCUR.